## BELLOWS et al. v. NEW YORK CENT. R. CO.
### SAME v. PRESSED STEEL CAR CO.

(Circuit Court of Appeals, Second Circuit.  May 12, 1920.)

Nos. 184, 185.

Patents ☜328—694,715, for car construction, anticipated.
>   The Bellows patent, No. 694,715, for a metal car, claim 19, which relates to a detail of construction of the body bolster, *held* anticipated by the prior art and prior use.

Appeal from the District Court of the United States for the Southern District of New York.

Suits by Arthur B. Bellows and others against the New York Central Railroad Company and against the Pressed Steel Car Company.  Decrees for defendants, and complainants Bellows and Slack appeal.  Affirmed.

George H. Parmelee, and Clarence P. Byrnes, both of Pittsburgh, Pa., for appellants.

Alfred W. Kiddle and Wylie C. Margeson, both of New York City, for appellees.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge.  These actions were tried as one, and were heard on appeal by stipulation as one.  We will therefore treat them in one opinion.

A motion was made to dismiss in these cases, as in the cases between the same parties involving patent No. 693,218.  For the reasons there assigned, we shall consider the merits of the cases and dispose of the issues accordingly.

Letters patent No. 694,715 were granted March 4, 1902, for a metal car, to the appellant Bellows.  The patent expired March 4, 1919. Claim 19 is here involved, and reads as follows:

"19. A car having a body bolster located over the truck bolster and formed with a continuous web plate or plates, having a hole cut therein, mainly below the neutral axis, and a longitudinal sill passed therethrough; said sill being formed of metal pieces with a diaphragm interposed at or near the plane of the bolster to resist compression, substantially as described."

The patent is entitled "a metal car."  The claim in suit, however, covers a detail of construction of the body bolster which is part of the underframe of the car.  The body bolster receives and transmits the entire weight of the car and its load to the truck bolsters.  The bolsters are subject to torsional and lateral strains, and this, particularly, when the car rounds a curve in the track.  The strains are resisted by and absorbed in the structure of the bolster, and in turn transmitted to the truck bolster, and finally to the wheels of the truck.

The invention of the appellant Bellows was designed to afford the desirable stiffness and rigidity to the bolster, so that it would be fully strong for carrying and transmitting the entire load.  The body bolster,

as used in appellant's construction, is a plate girder, being composed of a strong vertical web plate with reinforcing angles along its top and bottom, and also along its entire ends. In order to accommodate the through center sills, it is necessary to have the center of the bolster cut out. This is done by cutting through the web portion of the body bolster. The appellants' claim is that it was a new or novel idea, subject to patent monopoly, to fill up this hole after the center sill passes through. After the center sill, composed of channels with their flanges projecting inwardly toward each other, was put in place, special fillers were placed over the remaining open space of the hole; the outer face of the web of the channel was brought against the side edges of the hole and reinforced by vertical angles, making a flat metal to metal join. The sills of the cars are supported at the bolsters, and between the bolsters they constitute a beam supported near the ends and loaded in the intermediate part. To resist the compression strains, special fillers or diaphragms, which were formed to conform to the inner parts of the channel, were inserted, completely filling the space between them.

The appellants used two of these diaphragms, located between the center sill members within the lines of the bolster, thus effectually resisting the closing in; the idea being to make the bolster substantially of its original strength before cutting a hole. It is contended that this was the only solution of the problem confronting the art at the time of this invention. Claim 19 rests upon the combination of a diaphragm with the other elements of special fillers, which were old, in the same combination. The patent issued to Bagshawe, No. 554,641, granted February 18, 1896, shows a center sill passing through bolsters, with a spacing piece interposed between the center sill at or near the plane of the bolster. In the specification Bagshawe refers to these pieces as spacing pieces, and points out their function as serving to strengthen the structure in a large measure. In the Maris patent, No. 630,585, granted August 8, 1899, there is shown a bolster showing a web plate having a hole or slot therein, through which the sill passes, mainly below the neutral axis, with a diaphragm interposed between the sills at or near the plane of the bolster to resist compression. The use of the diaphragm in a bolster interposed between the center sills at or near the plane of the bolster, for the purpose of resisting compression, is shown in the Schoen patent No. 584,709, granted June 15, 1897.

In the Pittsburg, Bessemer & Lake Erie car referred to, a lattice bolster is used, running across the width of the car to resist compression; two diaphragms are interposed between the sills at or near the plane of the bolster while, in addition thereto, a bottom cover plate was also used to resist compression. A latticed girder is the full equivalent of a plate girder. They are interchangeable, and can be used as desired by the engineer. Likewise it appears that, in the Pittsburg, Bessemer & Lake Erie car No. 3, a diaphragm between the center sills is used with the idea of resisting strains. This car went into service June 26, 1897. But reliance is placed on the claim of the appellants that, in the use made by them, the sill members have a metal to metal contact with the edges of the hole in the plate girder, and the same,

with the diaphragm between, so that the metal of the sills and diaphragm completely fill the hole. But we find the metal to metal contact between the diaphragm and the center sills in the Hardie car, and in the structure shown in the Bagshawe and Schoen patents we find diaphragms conforming to the shape of the center sills.

In the Maris, both bolsters and diaphragms are conformed to the center sills. It is apparent that the inventor did not conceive the idea of passing center sills through the bolster mainly below the neutral axis. We do not think it constituted invention on the part of the appellants to take the diaphragm found in the Pittsburg, Bessemer & Lake Erie car and use it in connection with the plate girder, since diaphragms were old and in use. This is particularly so since the evidence warrants the conclusion that the lattice girder was the full mechanical equivalent of the plate girder and merely substituting the plate girder bolster for the lattice bolster does not amount to invention. Indeed, this state of the art was well developed and should have been known, if, indeed, it was not known, to the appellants at the time that patent was granted to Bellows.

We conclude that whatever the appellants constructed was anticipated by the prior art as well as by prior use.

The decrees are affirmed.